UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROBERT E CONNER ET AL**          **CASE NO. 2:21-CV-03613**

**VERSUS**                          **JUDGE JAMES D. CAIN, JR.**

**U S A A GENERAL INDEMNITY CO**    **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 33] filed by defendant USAA General Indemnity Company ("USAA"), seeking to exclude and/or limit certain witnesses and evidence at the trial of this matter—namely, plaintiffs' damages estimates as well as the testimony of Cal Chambers, Rob Kitto, and Curtis Williams. Plaintiffs oppose the motion. Doc. 38.

### I.
### BACKGROUND

This suit arises from Hurricane Laura and Hurricane Delta, which made landfall in Southwest Louisiana on, respectively, August 27 and October 9, 2020. Plaintiffs allege that the storms inflicted severe damage to their home in Lake Charles, Louisiana, which was insured at all relevant times under a homeowner's policy issued by USAA. Doc. 1. They further allege that USAA failed to timely or adequately compensate them for their covered losses. *Id.* Accordingly, they filed suit in this court on October 13, 2021, raising claims of breach of contract and bad faith under Louisiana law. *Id.*

The case went through the streamlined settlement process outlined in the court's Case Management Order for first-party insurance claims arising from Hurricanes Laura and Delta, but did not resolve. Doc. 9. It is now set for a jury trial on April 10, 2023. Doc. 10. USAA brings this motion in limine, seeking to exclude or limit certain evidence and witness testimony at that trial. Namely, it argues that the court should exclude plaintiffs' damages estimates because they are "moot as a matter of law, and irrelevant, prejudicial, and misleading to the jury." Doc. 33, att. 1, p. 4. It also argues that the court should exclude/limit the testimony of Cal Chambers, Rob Kitto, and Curtis Williams based on plaintiffs' failure to timely file expert disclosures for these witnesses. *Id.* Plaintiffs oppose the motion. Doc. 38.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some

hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

#### 1. Repair estimates

USAA first requests that the court preclude plaintiffs "from introducing any expert testimony, expert reports, or evidence as to any estimates as a measure of damages because repairs have already been completed." Doc. 33, att. 1, p. 15. To this end it cites *Louisiana Farm Bureau Casualty Insurance Company v. Thetford Corporation*, where the court refused to accept an estimate as proper evidence of the insured's actual repair costs. 2013 WL 6190064, at *4 (W.D. La. Nov. 25, 2013). Plaintiffs oppose the motion, arguing that they have not completed repairs and should therefore be able to rely on estimates as a measure of their damages. Doc. 38.

As USAA notes, plaintiffs have submitted four different estimates valuing the total cost of repairs between $195,680.17 to $347,800.47. *See* doc. 33, atts. 4, 6, 9, 10. Plaintiffs submitted interrogatory responses to USAA on October 11, 2022. Doc. 33, att. 2. Interrogatory No. 9 asked for information about the repairs performed, including, "who

performed the work, the date the work was performed, the cost for such work, and a detailed description regarding the work performed." *Id.* at p. 5. Plaintiffs responded with a list of repairs totaling $128,814.38. *Id.* at 5–6. At the end of this list, however, they stated:

> This is an incomplete list, as Plaintiffs are continuing to incur amounts to repair their home beyond the date of this discovery. Discovery is ongoing and plaintiff reserves the right to supplement this response.

*Id.* at 6.

At her deposition on November 30, 2022, plaintiff Linda Conner testified that repairs to the property were not yet complete. Doc. 38, att. 4, pp. 26–28. Specifically, she described remaining issues with leaking windows, electricity to the water well, and the house's brick veneer. *Id.* An expert report prepared by structural engineer Ron Martin, based on an inspection he conducted on September 8, 2022, documented unrepaired damage to the home's attic foam insulation and brickwork as well as a crack in the drywall. Doc. 38, att. 5, pp. 7–8, 23–29. Cal Chambers also prepared a report/estimate based on an inspection on September 8, 2022. Doc. 38, att. 1. He stated that the roof and interior repairs had been completed prior to the inspection but that there was hurricane damage "to the siding, EIFS, and brick veneer." *Id.* at p. 3.

"Louisiana courts have accepted estimates as evidence of a plaintiff's repair costs, but only in cases where the damaged property was not repaired at the time of trial." *Thetford Corp.*, 2013 WL 6190064 at *4 (citing *Foshee v. McGee*, 87 So.2d 754, 756 (La. Ct. App. 2d Cir. 1956). Once repairs are complete, the plaintiff may not rely on the estimate and is instead limited to the actual repair costs. *Id.* Here plaintiffs have shown that the home has unrepaired damage allegedly caused by the storms. To the extent any of this damage

remains unrepaired by the time the case goes to trial, the court agrees that estimates may provide proper evidence for that item's repair costs. Accordingly, the motion will be denied on this basis.

**2. Experts**

USAA next moves to exclude and/or limit the testimony of witnesses Chambers, Kitto, and Williams based on plaintiffs' alleged failure to comply with Rule 26's disclosure requirements. Plaintiffs maintain that they provided timely and conforming disclosures for Chambers but concede that they did not provide any reports other disclosures for Williams or Kitto. Doc. 38. Accordingly, they state that they will only be calling the latter two as fact witnesses but that Chambers's testimony should not be limited. *Id.*

Under the Federal Rules of Civil Procedure, a party must disclose the identity of any expert witness it may use at trial and generally must accompany this disclosure with a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." *Id.* at 26(a)(2)(B)(i). Rule 26 does not limit an expert's testimony simply to reading his report. Instead, the rule "contemplates that the expert will supplement, elaborate upon, and explain his report in his oral testimony." *S.E.C. v. Life Partners Holdings, Inc.*, 2013 WL 12076934, at *3 (W.D. Tex. Nov. 8, 2013) (quoting *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006)) (cleaned up). However, a complete report must provide the substance of the testimony the expert will offer along with his reasons. *Denley v. Hartford Ins. Co. of Midwest*, 2008 WL 2951926, at *4 (E.D. La. Jun. 29, 2008) (citing Rule 26 Advisory Committee Note, 1983

Amendments). The purpose of these requirements is to prevent unfair surprise. *Davidson v. Ga. Pacific, LLC*, 2014 WL 36621, at *3 (W.D. La. Jan. 6, 2014). Accordingly, an expert who fails to provide a report complying with Rule 26(a) should not be permitted to testify "unless such failure is harmless." *Life Partners Holdings, Inc.*, 2013 WL 12076934 at *3 (citing Fed. R. Civ. P. 37(c)(1)).

Plaintiffs sent their expert disclosures on January 9, 2023, the due date set under the court's scheduling order. Doc. 10; *see* doc. 38, atts. 5–9. USAA maintains that these disclosures did not provide all the information required by Rule 26 and that the estimates provided by these witnesses do not qualify as "reports" under the rule. Namely, it asserts that the damage estimate provided as report for Cal Chambers is not signed, does not indicate what role Chambers played in the preparation of the estimate, and does not reveal the basis for his opinions.

Chambers's report indicates that it was prepared with Xactimate software by "Damage Assessment & Insurance Consultants, LLC" and states that it is based on an inspection performed on September 8, 2022, as well as information provided by Ron Martin, P.E. Doc. 38, att. 1, pp. 4–5. Numerous photographs are attached to the estimate bearing that date. Doc. 38, atts. 6–9. This report and the one from Martin were provided with a cover letter stating as follows:

> In compliance with Rule 26(2)(B) and paragraph II(A) of the Court's scheduling order, please find the Expert Report of Plaintiffs' experts, Ron Martin with martin Structural Services, Inc. and Harper Calhoun Chambers, Jr. with Damage Assessment & Insurance Consultants. It is my understanding that all the attached documentation is also already in your possession. Please be aware that neither Mr. Martin nor Mr. Calhoun [has] a list of publications.

Doc. 38, att. 5, p. 1. Accordingly, USAA had adequate and timely notice of the basis of Chambers's opinions under Rule 26. The motion will be denied as to Chambers and granted as to Kitto and Williams. As for plaintiffs' arguments that the latter two witnesses may testify as fact witnesses, the court lacks necessary information to determine whether either individual has testimony properly falling outside of Rule 702 and will defer the issue until trial.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion in Limine [doc. 33] be **GRANTED IN PART** and **DENIED IN PART** as described above.

**THUS DONE AND SIGNED** in Chambers on the 16th day of February, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**