UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROBERT E CONNER ET AL**              **CASE NO. 2:21-CV-03613**

**VERSUS**                              **JUDGE JAMES D. CAIN, JR.**

**USAA GENERAL INDEMNITY CO**           **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court are two Motions for Partial Summary Judgment [docs. 35, 36] filed by defendant USAA General Indemnity Company. Plaintiffs oppose the motions. Docs. 41, 42.

### I.
#### BACKGROUND

This suit arises from storm damage to plaintiffs' home in Lake Charles, Louisiana, during Hurricane Laura, which made landfall in this state on August 27, 2020. At all relevant times the home was insured under a policy issued by defendant USAA. Plaintiffs made a claim with USAA but allege that it failed to timely or adequately compensated them for their covered losses. Accordingly, they filed suit in this court on October 13, 2021, raising claims of breach of insurance contract and bad faith under Louisiana law.

The case proceeded through the court's Streamlined Settlement Process outlined in the Case Management Order [doc. 2] for first-party insurance cases arising from Hurricanes Laura and Delta, but did not resolve. It is now set for jury trial before the undersigned on April 10, 2023. USAA has filed two Motions for Partial Summary Judgment. In the first it

argues that plaintiffs cannot prove their entitlement to damages under Louisiana Revised Statute 22:1973. Doc. 35. In the second they request that the court enter judgment to the following effect: (1) declaring that plaintiffs are not entitled to rely on estimates of repairs for those repairs that have already been completed; (2) dismissing with prejudice plaintiffs' claims for all undisputed past repairs that have been paid; (3) dismissing plaintiffs' claims for damages that plaintiffs and/or their contractors have admitted were upgrades and/or not related to the hurricanes; (4) dismissing plaintiffs' claims for repairs for which plaintiffs have no evidence of causation; and (5) dismissing plaintiff's contract claims under Coverage D. Doc. 36. Plaintiffs oppose both motions but concede in their opposition to the latter that (1) they are only able to recover the actual costs as to completed repairs and (2) they have been paid all amounts owed under Coverage D, though they reserve any extra-contractual claims relating to that coverage. Docs. 41, 42.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*,

418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

### A. Damages Under 22:1973

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties in the amount of an additional "fifty percent damages on the amount due from the insurer to the insured" and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973 provides for penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater" when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause." These statutes are penal in nature and must be strictly construed. *Jones v. GEICO*, 220 So.3d 915, 921–22 (La. Ct. App. 4th Cir. 2017). It is well-settled that a plaintiff can only recover penalties under one of the statutes but may recover attorney fees under § 1892 even if he receives the penalties under § 1973. *Kodrin v. State Farm Fire & Cas. Co.*, 314 F. App'x 671, 678–79 & n. 29 (5th Cir. 2009) (citing *Calogero v. Safeway Ins. Co. of La.*, 753 So.2d 170, 174 (La. 2000)).

Plaintiffs have made a claim for actual damages under § 1973, asserting that they have suffered mental anguish, aggravation, and inconvenience because of USAA's handling of their case. These are common damages in § 1973 claims, particularly for those arising from homeowner's policies. *See, e.g.*, *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 304–05 (5th Cir. 2009) (affirming $25,000 award for mental anguish); *Orellana v. La. Citizens Prop. Ins. Corp.*, 972 So.2d 1252, 1255–56 (La. Ct. App. 4th Cir. 2007), *writ denied*, 25 So.3d 777 (La. 2008) (affirming $125,000 verdict for "mental anguish, stress, and inconvenience"). A plaintiff need not provide medical support for such a claim. He may instead rely on his own testimony regarding the stressful circumstances and their effect. *Leland v. Lafayette Ins. Co.*, 77 So.3d 1078, 1089–90 (La. Ct. App. 3d Cir. 2011). Additionally, "causation is an issue of fact generally decided at the trial on the merits." *Arceneaux v. State Farm Fire & Cas. Co.*, 2009 WL 1393711, at *3 (E.D. La. May 18, 2009) (quoting *Estate of Adams v. Home Health Care of La.*, 775 So.2d 1064, 1065 (La. 2000)) (cleaned up). "It is for the trier of fact, after weighing and evaluating all the evidence, to either accept or reject the connection between the conduct of the defendant and the harm suffered by the [plaintiff]." *Id.* (citing *Clair v. Paris Road Drugs, Inc.*, 573 So.2d 1219, 1226 (La. Ct. App. 4th Cir. 1991)).

Defendant alleges that there is no evidence to support plaintiffs' claim under § 1973 claim. Specifically, they assert that "[t]he only hint of a basis" for this claim provided in discovery is their deposition testimony that they believe Mrs. Conner's cancer recurred due to stress. *See* doc. 35, atts. 4 & 5. As defendant notes, plaintiffs have produced no medical evidence for this assertion. However, plaintiffs have provided affidavits indicating that they

suffered "immense mental anguish, stress, and aggravation" because of USAA's handling of their claim. Doc. 41, atts. 2 & 3. There they only mention Mrs. Conner's cancer in the context of an additional stress factor during the same time. *Id.*

The court agrees that any medical condition may not be raised as part of plaintiffs' § 1973 damages without competent, expert testimony establishing causation. Plaintiffs' affidavits, however, indicate that they can competently testify to their general mental anguish, stress, and inconvenience allegedly caused by USAA's actions. Accordingly, there is no basis for dismissing the claim.

### B. Contract Claims

#### 1. Additional amounts owed for completed repairs

The first dispute under this motion is whether any additional amounts are owed for completed repairs. USAA contends that it has paid all invoices on all repair work completed to date and is entitled to a dismissal of these contract claims. Plaintiffs maintain, however, that they submitted receipts for $24,117.73 in water mitigation work and $7,405.57 in "pack-out" services that have not been reimbursed. USAA admits that the mitigation invoice is in dispute and does not address the invoice for pack-out services. Accordingly, summary judgment must be denied on this claim.

#### 2. Amounts owed for upgrades and unrelated repairs

USAA asserts that plaintiffs have submitted invoices for repairs that they later admitted were actually upgrades or not related to hurricane damage. Plaintiffs admit that several of the repairs mentioned in USAA's motion are upgrades and/or not related to damages caused by the hurricanes. They maintain, however, that genuine issues of material

fact exist as to whether the upgraded exterior door and window coverings are covered under the policy and cite Linda Conner's testimony for this proposition. *See* doc. 42, att. 6, pp. 72, 82. Accordingly, plaintiffs maintain that they are entitled to the replacement cost value of the damaged items even if they ultimately chose to upgrade during their repairs. As USAA points out, however, the cited testimony does not establish why the door and window coverings were replaced. Additionally, plaintiffs' expert reports submitted to date do not set forth a need to replace these items and instead only provide estimates for detaching and resetting them. *See* doc. 42, att. 5, pp. 22–23; *see also* doc. 38, att. 5 (engineer report, not addressing damage to window coverings or door). Accordingly, the court agrees that USAA is entitled to summary judgment on this claim but will reconsider the matter if plaintiffs come forward with evidence already produced to defendants establishing their entitlement to replacement cost for the window coverings and exterior door.

    3. **Documented costs unrelated to hurricane**

USAA next contends that it is entitled to dismissal of certain disputed invoices submitted by plaintiffs, as they have not provided any evidence that the work performed was related to the hurricanes. These include eleven invoices submitted between July 2021 and July 2022, with disputed amounts totaling $23,391.36 and covering issues including the above-referenced exterior door, garage fixtures, and a dishwasher. Doc. 36, att. 1, pp. 18–20. In some instances plaintiffs admitted that the repairs were unrelated to the hurricane or that they did not know the reason for the work while in others they deferred to the testimony of their contractor, Curtis Williams. *Id.* In response plaintiffs note that their retained adjuster, Cal Chambers, prepared an estimate after an inspection on September

2022 and will soon be deposed by USAA. Plaintiffs contend that Mr. Chambers's estimate covers some of the items for which USAA contends there is no evidentiary support. As USAA notes, however, Mr. Chambers did not inspect the property until the disputed work was completed.

USAA has attached the deposition excerpts from plaintiffs [doc. 36, atts. 4 & 5] but admit that the contractor was not deposed until February 23 and that his transcript is not yet available. The court will therefore grant summary judgment as to the invoices where plaintiffs' own testimony establishes no causation, namely (1) replacement of the garage door opener, (2) the exterior door, (3) window and grab bars in the garage, (4) the service call to the bladder tank, and (5) the dishwasher replacement. On all other items, the court expects plaintiffs to act reasonably in withdrawing the invoices for which their contractor's testimony will establish the repair was not hurricane related. The court also denies summary judgment as to USAA's motion on those issues where the evidence is not conclusive or it has admitted there is a scope dispute, namely (1) Quiencade Invoice 5139 for the loose insulation, back porch labor, and Hardie siding; (2) the garage door replacement, (3) the 2021 Gulf Coast Floors invoice, and (4) Quiencade Invoice 5645 for cleaning the hardwood ceiling. For the invoices where more information is required the burden remains with plaintiffs to show sufficient detail to obtain reimbursement.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 35] on consequential damages under Louisiana Revised Statute 22:1973 will be **DENIED**

while the Motion for Partial Summary Judgment [doc. 36] on plaintiffs' contract claims will be **GRANTED IN PART** and **DENIED IN PART**.

**THUS DONE AND SIGNED** in Chambers on the 1st day of March, 2023.

                                        JAMES D. CAIN, JR.
                            UNITED STATES DISTRICT JUDGE